UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL OLVERA,<br><br>          Plaintiff,<br><br>     v.<br><br>WARDEN KEN CLARK, et al.,<br><br>          Defendants. | No.  1:21-cv-00893-EPG (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDERS<br><br>(ECF Nos. 9, 10) |

Plaintiff Joel Olvera is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this case on June 4, 2021. (ECF No. 1) This Court screened the complaint, concluding that some claims were cognizable. (ECF No. 9). However, despite issuing two orders for Plaintiff to make a filing to advance the case, Plaintiff has failed to file anything. (ECF Nos. 9, 10). Because Plaintiff has failed to prosecute this case and comply with the Court's orders, the Court recommends dismissal of this case.

**I.     BACKGROUND**

Plaintiff's complaint brings claims concerning his treatment as an inmate classified as part of Security Threat Group (STG) Sureños following a fight that occurred on September 28, 2018, with the STG Bulldogs. (ECF No. 1, p. 5-6). In screening the complaint on July 29, 2021, the Court concluded that Plaintiff stated cognizable claims against Defendants Ken Clark, D. Baughman, and J. Gallager for unconstitutional conditions of confinement in violation of the

1

Eighth Amendment. (ECF No. 9, p. 16). The Court ordered Plaintiff to, within thirty days, do one of the following: (1) file a statement with the Court saying that he wants to go forward only on his claims against Defendants Clark, Baughman, and Gallager for unconstitutional conditions of confinement in violation of the Eighth Amendment, in which case the Court would authorize service of process; (2) file an amended complaint if he believed that additional facts would state additional claims, in which case the Court would screen the amended complaint; or (3) file a statement with the Court saying that he wanted to stand on this complaint and have it reviewed by a district judge, in which case the Court would issue findings and recommendations consistent with the screening order. (*Id.* at 17). Plaintiff was warned that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 18).

However, Plaintiff failed to respond to this order within thirty days. Accordingly, on September 13, 2021, the Court entered a show cause order, requiring Plaintiff to file a written response within fourteen days (1) stating whether Plaintiff intends to prosecute this action and (2) explaining Plaintiff's failure to comply with the Court's July 29, 2021 order. (ECF No. 10, p. 2). Alternatively, the Court informed Plaintiff that it would discharge the show cause order if Plaintiff complied with the screening order's direction to file one of three documents necessary to advance this case. (*Id.*). Plaintiff was cautioned that failure to respond to this order may result in this Court issuing findings and recommendations to dismiss this case without prejudice for failure to comply with a court order and failure to prosecute this action. (*Id.*). To date, Plaintiff has not responded to this order and the time to do so has passed. Moreover, Plaintiff has filed nothing in this case except his complaint and application to proceed *in forma pauperis*.

**II.    ANALYSIS**

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

///

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's failure to file a response to the screening order as required by two orders (*see* ECF Nos. 9, 10) and otherwise prosecute this action is delaying the case. Such failure to respond to the orders, or even request an extension of time to do so, indicates that Plaintiff has no intention of pursuing this case. Also notable is that Plaintiff has not filed anything in this case besides his complaint and application to proceed *in forma pauperis*. (ECF Nos. 1, 2). Allowing this case to proceed further, with minimal activity so far by Plaintiff, and no indication that Plaintiff wishes to prosecute this action further, would waste judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with the Court's orders that is causing delay and preventing this case from advancing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and fails to comply with the Court's orders, despite being warned of possible dismissal on two occasions, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

## III.    ORDER AND RECOMMENDATIONS

IT IS ORDERED that the Clerk of Court is respectfully directed to appoint a district judge to this case.

Additionally, after weighing the factors regarding dismissal, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1.    This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and comply with the Court's orders; and

2.    The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

IT IS SO ORDERED.

Dated:    **October 7, 2021**                           /s/ Erica P. Grosjean
                                                                              UNITED STATES MAGISTRATE JUDGE